## VIRGINIA B. HOLMES.
### v.
## HENRY V. BEMIS.

*Confession of Judgment—Warrant of Attorney—Surplusage—Motion to Open Judgment—Evidence.*

Upon a motion to open a judgment, entered by confession on a warrant of attorney, it is *held:* That certain printed words in the warrant, which are inconsistent with the written parts of the note, should be rejected as surplusage; that the plaintiff was without notice that the note in question was accommodation paper; and that the court below properly denied the motion, there being no such conflict of evidence presented by the affidavits as required the formation of an issue to be settled by a jury.

[Opinion filed January 18, 1888.]

IN ERROR to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. ROBERTS, HUTCHINSON & THOMAS, for plaintiff in error.

The judgment was not authorized by the warrant of attorney, because the judgment was not confessed in favor of Holmes & Bro. or their assigns. It was confessed in favor of Henry V. Bemis, who was the assignee of Ira Holmes only. The warrant of attorney must be strictly followed. In this case it was not. Chase v. Dana, 44 Ill. 262.

"The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued." The Man. and Mich. Bank, etc., v. St. John, 5 Hill. 497; Tucker v. Gill, 61 Ill. 236; Frye et al. v. Jones, 61 Ill. 627; Keith v. Kellogg, 57 Ill. 147.

" When it appears defendant has a meritorious defense judgment should be opened." Hempstead v. Humphrey, 38 Ill. 90.

" In exercise of equitable jurisdiction over confessions of judgment, courts often set aside such judgments in whole or in part, in order to let in a defense." Norton v. Allen, 69 Ill. 307.

" When, on application of a defendant to open a judgment by confession and permit him to defend, the affidavits show that his defense, if substantiated, would be a good one, and that a question was presented that should be presented to a jury, the court should set aside the judgment and permit the defense to be made." Pitts v. Magie, 24 Ill. 610.

" In case of judgment by confession on warrant of attorney, it is competent for the court, upon a proper showing, to so far vacate such judgment as to permit the parties to defend the same; but it is error to allow such right to defend on motion, unless upon face of the record or by some other showing as foundation of such motion, it shall appear, *prima facie*, at least that the defendant has a defense, in whole or in part, upon the merits." Gibboney v. Gibboney, 2 Ill. App. 322.

Messrs. GRANT, BRADY & NORTHRUP, for defendant in error.

To the note and warrant on which judgment was confessed herein, must be applied the fundamental canons of construction governing all contracts; (*a*) that the whole instrument should be considered in determining the meaning of any and all its parts; (*b*) that the contract between the parties should be supported rather than defeated. 1 Parsons on Cont. 501, 503. (*c*) And above all that the manifest intention must prevail. Walker v. Tucker, 70 Ill. 527.

In the case of Keith v. Kellogg, where, after fully recognizing the general rule that the power to confess a judgment must be clearly given and strictly pursued, the court go on to say : "But this rule, like all others, has its reasonable limitations and must not be applied so rigidly as to defeat the manifest intentions of the parties to the instrument granting the power." Keith v. Kellogg, 97 Ill. 147.

In determining the intention of the parties surplusage should be eliminated. Griffith v. Furry, 30 Ill. 251.

The affidavits, offered by plaintiff in error, failed to make any such showing as would have justified the court in vacating the judgment to allow plaintiff in error to plead.

Generally, affidavits, in support of a motion to set aside

a judgment by confession, are to be construed most strongly against the applicant; nor will it suffice if they "state facts from which, if proved on a trial, a defense might be inferred." The case must be made out "unequivocally." Crossman v. Wohlleben, 90 Ill. 537.

The same rule applies to them as to affidavits to set aside judgments entered by default. Crossman v. Wohlleben, 90 Ill. 537; Freeman on Judgments, Sec. 108.

Nor will the judgment be set aside to let in a bad defense. Crossman v. Wohlleben, 90 Ill. 537; Zuckermann v. Solomon, 73 Ill. 130; Hempstead v. Humphrey, 38 Ill. 90.

The affidavits offered by plaintiff in error failed to show that Mrs. Holmes had any defense to the collateral note in the hands of Bemis.

Even if Bemis was perfectly aware of the fact that the collateral note was accommodation paper, such knowledge constituted no defense to the note in his hands.

"The very purpose of making accommodation paper is, that the party favored may dispose of it, and unless restricted he may transfer it, either before or after maturity, and the maker will be equally bound. The authorities on this point are consistent and numerous." Miller v. Larned, 103 Ill. 562, and cases cited; 1 Dan. Neg. Inst., Sec. 726.

If Mrs. Holmes had put any number of restrictions on the negotiation of the collateral, they could not affect Bemis unless made known to him. Caruthers v. West, 11 Q. B. 143; 1 Dan. Neg. Inst., Sec. 726; Colebrooke Col. Sec., Sec. 38.

Notice to Bemis of any restrictions placed on the negotiation of the collateral sufficient to defeat his claim must have been positive; must have been something more than "the knowledge of circumstances which would excite suspicion in the mind of a prudent man," nor would he be affected by even "gross negligence * * * at the time of the transfer." Colebrook's Collateral Security, Sec. 75; Comstock v. Hannah, 76 Ill. 535; 1 Dan. Neg. Inst., Sec. 769; Shreeves v. Allen, 79 Ill. 553.

*Per Curiam.* This writ is brought to review an order of

the Superior Court in denying a motion to vacate a judgment by confession entered against plaintiff in error, and to allow a trial on the merits.    The note and warrant of attorney in this case is identical in form and substance, except as to the amount of the note, with that in the case of Virginia B. Holmes v. Augustus A. Parker, *ante* p. 225, and the point made in this case, as to the authority to enter the judgment under the warrant of attorney, is controlled by what is said in the opinion in that case on the same point.

On the question as to whether the court should have allowed plaintiff in error to plead and try the case upon an issue of fact, we have carefully examined the affidavits filed by the respective parties, and are of opinion that no case was made by the plaintiff in error which required the court to grant her motion in that regard.

Without discussing the evidence found in the affidavits at length, we think the facts established are, that the note in question was given by the plaintiff in error to Ira Holmes as an accommodation note, and that said Ira Holmes delivered it as collateral security to a $5,000 note upon which, at the request of said Ira Holmes, defendant in error became guarantor.

That said Ira Holmes failed to pay said $5,000 note, and defendant in error was compelled to and did pay the same, and therefore held said judgment note as collateral security for the indebtedness of said Ira Holmes upon the debt of which said judgment note was held as collateral, the amount for which judgment was allowed to stand in this case by the court below.    That defendant in error had no notice that said judgment note was accommodation paper—he was not so informed as appears from the affidavits—and there was nothing in the circumstances sufficient to put him on notice of that fact.

That plaintiff in error gave the judgment note to said Ira Holmes without imposing any restrictions, as to its use, that were ever brought to the knowledge of defendant in error before the entry of jugdment.

There is no such conflict as to any of these, which we consider the material facts, as leaves the court in any doubt as to the truth, and none such as in our opinion required the forma-

tion of an issue to be settled by a jury.   The defendant in error having taken the note before maturity and for value would not be affected by the fact that it was accommodation paper even if he knew that fact, unless notice was brought to him of restrictions placed upon its use by the maker which would exclude the use of it as collateral for the debt for which he took it.   Miller v. Larned, 103 Ill. 562, and authorities there cited.

No case for opening the judgment is shown by the evidence; the court below ruled correctly in denying the motion, and the judgment must therefore be affirmed.

*Judgment affirmed.*